Matthew A. Rosenthal, Esq. (SBN 279334)
Matt@westgatelaw.com
D. Justin Harelik, Esq. (SBN 236710)
Justin@westgatelaw.com
Westgate Law
15760 Ventura Blvd., Suite 880
Los Angeles, CA  91436
T: (818) 200-1497; F: (818) 574-6022
Attorneys for Plaintiff,
FRANCIS ASUNCION

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| FRANCIS ASUNCION<br><br>          Plaintiff;<br><br>v.<br><br>AUTONATION INFINITI TUSTIN, and DOES 1-10, inclusive,<br><br>          Defendant(s). | Case No.: 8:16-cv-740<br><br>**COMPLAINT**<br><br>1. **Violations of the Rees-Levering Automobile Sales Financing Act, Cal. Civ. Code §§ 2981 *et seq.***<br>2. **Violations of the Fair Debt Collection Practices Act, 15 USC § 1692 et seq.;**<br>3. **Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788;**<br>4. **Breach of Contract**<br>5. **Conversion** |

FRANCIS ASUNCION, by his attorneys, WESTGATE LAW, alleges the following against AUTONATION INFINITI TUSTIN, and DOES 1-10, inclusive (collectively, "Defendants"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Rees-Levering Automobile Sales Financing Act, Cal. Civ. Code §§ 2981 et seq.

2. Count II of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

3. Count III of Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* (RFDCPA).

4. Count IV of Plaintiff's Complaint is based on the common-law tort of Breach of Contract.

5. Count V of Plaintiff's Complaint is based on the common-law tort of Conversion.

## JURISDICTION AND VENUE

6. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state law claims contained herein.

7. Defendants each conduct business in the state of California; therefore, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

9. Plaintiff is a natural person residing in Tustin, Orange County, California.

10. Defendant Autonation Infiniti Tustin is a company with offices in Tustin, California.

11. Plaintiff does not know the true names, identities, and capacities of

Defendants sued herein as Does 1 through 10, inclusive, and therefore sues those Defendants by fictitious names.  Each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Plaintiff. Plaintiff will amend this Complaint to allege the true names, identities and capacities of Defendants sued herein as Does 1 through 10, inclusive, when Plaintiff discovers such information.

## FACTUAL ALLEGATIONS

12. On February 4, 2016, Plaintiff entered into a contract (hereinafter "Contract") with Defendant for the purchase of a 2005 Infiniti FX35 with Vehicle Identification Number JNRAS08W75X212920 (hereinafter "Vehicle").

13. Defendant prepared Plaintiffs' credit application and the Contract for the Vehicle.  Defendant charged a fee to prepare these documents for Plaintiff, and also received valuable consideration for preparing Plaintiffs' application for credit in the form of the consideration it received under the Vehicle's purchase contract.

14. The Contract obligated Plaintiff to make an initial down payment of $200.00, and sixty (60) monthly payments of $298.15 to commence on March 20, 2016.

15. The Contract stated in pertinent part:

> Seller shall give you written notice (or in any other matter in which actual notice is given to you) within 10 days of the date of this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted.  Seller must give back to you all consideration received by Seller, including any trade-in vehicle.

16. In a letter dated February 15, 2016, eleven (11) days after the Contract between the parties was finalized, Defendant notified Plaintiff that Defendant was

electing to cancel the Contract entered into between the parties on February 4, 2016. *See* Letter from Defendant attached hereto as Exhibit "A."

17. Throughout the course of February 2016, Defendant's representatives placed several harassing and threatening telephone calls to Plaintiff wherein Defendant demanded that Plaintiff return the Vehicle, and threatened to repossess the Vehicle if it was not immediately returned.

18. On or around March 15, 2016, counsel for Plaintiff contacted Defendant's representative and left a voicemail message in an attempt to resolve the alleged dispute. Defendant did not respond to counsel for Plaintiff.

19. On March 20, 2016, Plaintiff hand-delivered a payment for $298.15 to Defendant, which was accepted by Defendant's representative.

20. Despite fulfilling all of his obligations under the Agreement, the Vehicle was repossessed at Defendant's direction on April 13, 2016.

21. To date, Defendant has failed to refund any amount of the valuable consideration tendered by Plaintiff pursuant to the Contract.

**FIRST CAUSE OF ACTION**
**Violations of the Rees-Levering Automobile Sale Finance Act, Cal. Civ. Code §§ 2981 *et seq.* ("RLA")**
By Plaintiff as to Defendant Autonation Infiniti Tustin

22. Plaintiff realleges and incorporates by reference the allegations of all paragraphs above.

23. The RLA governs conditional sale contracts for motor vehicles. The Contract entered into by Plaintiff is a conditional sales contract subject to and governed by the provisions of the RLA. Defendant Autonation Infiniti Tustin is or was a "seller" or "holder" of the Contract, as those terms are used in the statute.

24. Defendant violated § 2983.3(a) of the RLA by repossessing the Vehicle in

the absence of default in the performance of any of Plaintiff's obligations under the Contract.

25. As a direct and proximate result of Defendant's violations of the RLA, Plaintiff has suffered actual damages in an amount to be proven at trial.

26. Plaintiff is entitled to an award of reasonable attorney's fees and costs in the filing and prosecution of this action pursuant to California Civil Code § 2983.4

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
**Violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692** *et seq.*
By Plaintiff as to all Defendants

27. Plaintiff realleges and incorporates by reference the allegations of all paragraphs above.

28. Plaintiffs are each a natural person obligated or allegedly obligated to pay a debt and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

29. Defendants are each persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests and are each "debt collectors" as defined by 15 U.S.C. § 1692a(6).

30. Plaintiff's alleged debt arises from transactions for personal, family, and/or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

31. The FDCPA states: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> **(6)** Taking or threatening to take any nonjudicial action to effect
> dispossession or disablement of property if—

**(A) there is no present right to possession of the property**

claimed as collateral through an enforceable security interest.

15 U.S.C. §1692f(6)(A).

32. As alleged herein, Plaintiff had fully performed his duties and obligations under the Contract, thereby entitling Plaintiff to full possession of the Vehicle. Therefore, Defendants violated § 1692f(6)(A) by taking any nonjudicial action to repossess Plaintiff's Vehicle without a present right to possession of the Vehicle.

33. As a proximate result of Defendants' violation of the FDCPA, Plaintiffs have been damaged in amounts which are subject to proof.

34. Plaintiffs are entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

35. Plaintiffs are entitled to recover statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

36. Plaintiffs are entitled to an award of reasonable attorney's fees and costs in the filing and prosecution of the action pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, Plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
**Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq.* ("RFDCPA")**
By Plaintiff as to all Defendants

37. Plaintiff realleges and incorporates by reference the allegations of all paragraphs above.

38. Plaintiff is a natural person obligated or allegedly obligated to pay a debt and a "debtor" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(h).

39. Defendants each are persons who regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in

connection with the collection of money, property or their equivalent which is due or owing or alleged to be due and owing from a natural person to another natural person and are each "debt collectors" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(c).

40. Defendants violated the RFDCPA based on the following:

    a. Defendants violated §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692

41. Plaintiff is entitled to recover actual damages pursuant to Civil Code § 1788.30(a).

42. Plaintiff is entitled to statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b).

43. Plaintiff is entitled to recover costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c).

WHEREFORE, Plaintiff prays for relief as set forth below.

### FOURTH CAUSE OF ACTION
**Conversion**
By Plaintiff as to all Defendants

44. Plaintiff realleges and incorporates by reference the allegations of all paragraphs above.

45. At the time of Defendants' unlawful repossession, Plaintiff was entitled to possession of the Vehicle because there was no default under the Contract.

46. Defendants' unlawful repossession of the vehicle constituted an interference with Plaintiff's possession and right to possession of the Vehicle, and it deprived Plaintiff of his right to possess the Vehicle. Defendants acted knowingly and or intentionally when they wrongfully repossessed the Vehicle.

47. Plaintiff is entitled to recover damages for Defendants' conversion of their property according to proof.

48. Defendants acted with malice, oppression, and/or fraud towards Plaintiff within the meaning of Civil Code § 3294, thereby entitling Plaintiff to an award of punitive damages.  Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees who acted toward Plaintiff with malice, oppression,, or fraud, employed such employees with conscious disregards for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

WHEREFORE, Plaintiff prays for relief as set forth below.

### FIFTH CAUSE OF ACTION
**Breach of Contract**
By Plaintiff as to Defendant Autonation Infiniti Tustin

49. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

50. Defendant promised and agreed in the Contract to repossess Plaintiff's Vehicle only if Plaintiffs were in default under the Contract, and only if the repossession was accomplished peacefully and allowed by law.  Defendants breached the contract when they repossessed Plaintiff's Vehicle in the absence of default and/or in breach of the peace, as alleged herein.

51. Plaintiff has performed all obligations required by the Contract, except those obligations Plaintiff was excused or prevented from performing.

52. As a proximate result of Defendant's breach of the Contract, Plaintiffs have suffered damages in an amount to be determined according to proof.

53. Plaintiff seeks recovery of his attorneys' fees, costs, and expenses incurred in the filing and prosecution of the action pursuant to the Contract and Civil Code § 1717.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request the following relief:

- For actual and compensatory damages;
- For statutory damages;
- For punitive damages;
- For an award of Plaintiff's attorney's fees, costs, and expenses incurred in the investigation, filing, and prosecution of this action; and
- For any other such relief this Court may deem just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff demands a trial by jury in the present action.

RESPECTFULLY SUBMITTED,

DATED:  April 20, 2016         WESTGATE LAW


By:/s/ Matthew A. Rosenthal _
    Matthew A. Rosenthal
    Attorney for Plaintiff